IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kurt Kalani Sparks,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Henderson County Sheriffs Office;<br>Corporal Kyle Collins;<br>Sheriff Charles L. McDonald;<br>Captain Chris Denny;<br>Captain Player;<br>Lieutenant McDonald;<br>Henderson County Law Enforcement<br>Commissioner;<br>John Doe Officer #1;<br>John Doe Officer #2;<br>John Doe Officer #3;<br>Nurse Administrator for HCDF,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:15-2902-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The plaintiff is a detainee at the Spartanburg County Detention Facility in Spartanburg, South Carolina. The defendants are individuals and an entity involved in local law enforcement in Henderson County, North Carolina. The "STATEMENT OF CLAIM" portion of the complaint raises allegations of excessive force, denial of medical care, and violations of due process and equal protection when the plaintiff was arrested and confined in Henderson County, North Carolina, on and after March 25, 2015 (doc. 1 at 3–6). None of the events alleged in the complaint took place in the District of South Carolina.

　　　　"Venue statutes serve 'the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy

occurred." *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 316 (D.S.C. 1992). A plaintiff bears the burden of proving that venue is proper as to each claim and as to each defendant in the forum state. *Id.* Since this civil rights action is a "federal question" case, 28 U.S.C. § 1391(b) is applicable:

> **(b) Venue in general.**--A civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b), which is quoted in *Mead v. Gaston Cnty. Police Dep't*, Civil Action No. 0:11-cv-3017-JFA, 2012 WL 2012 WL 631850, at *2 (D.S.C. Feb. 27, 2012).

If venue is improper, a district court must then determine whether to transfer or to dismiss a case. *See Jarrett v. North Carolina*, 868 F.Supp. 155, 159 (D.S.C. 1994) (applying 28 U.S.C. § 1406(a)). If a district court determines that venue is improper, it may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer a case or dismiss it is in the discretion of the particular district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir.1981) ("The question of transfer under Rule 21(b) is within the court's discretion, and its action can be reversed only for an abuse of that discretion."). In light of the fact that the relevant events in this case took place in the Western District of North Carolina and all defendants are in the Western District of North Carolina, the undersigned concludes that venue is improper in the District of South Carolina. *Mead*, 2012 WL 2012 WL 631850, at *2.

Accordingly, it is recommended that the district court transfer this case to the United States District Court for the Western District of North Carolina. *See* 28 U.S.C. § 113(c). The plaintiff's attention is directed to the notice on the next page.

July 29, 2015  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).