**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-9-FDW**

| | | |
|---|---|---|
| **KART KALANI SPARKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **HENDRSON COUNTY SHERIFFS** | ) | |
| **OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's two Motions to Appoint Counsel, (Doc. Nos. 27; 30). See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff has been granted in forma pauperis status. (Doc. No. 26).

**I.     BACKGROUND**

Pro se Plaintiff Kurt Kalani Sparks, a pre-trial detainee currently incarcerated at the York County Detention Center in York, South Carolina, filed this action on July 27, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff originally filed the action in the District of South Carolina, and on January 15, 2016, that court transferred the action to this Court. (Doc. No. 22). Plaintiff purports to bring claims against Defendants for excessive force and deliberate indifference to serious medical needs, based on events that occurred while he was incarcerated as a pre-trial detainee at the Henderson County Detention Center, in Hendersonville, North Carolina. Plaintiff has named as Defendants: (1) Henderson County Sheriff's Office; (2) Kyle Collins, Corporal; (3) Charles McDonald, Sheriff; (4) Chris Denny, Captain; (5) FNU Player, Captain; (6) FNU

1

McDonald, Lieutenant; (7) Henderson County Law Enforcement Commissioner; (8) John Does, Officers 1-3; and (9) Jane Doe, identified as "Nurse Administrator for [Henderson County Detention Facility]." Plaintiff alleges the following in the Complaint:

On 3-23-15 I was deposited by law enforcement into the Henderson County Detention Facility following arrest in the city. During arrest I was tased and subdued by force by law enforcement. On arrival I was in extreme pain and was having breathing problems. I began reporting this upon arrival to the facility, first to John Doe Officer #1, second to nurse administrator identified as such by her statement. Upon leaving sally port I entered the boking area where I was cuffed in front and to a bench. I was literally writhing in pain begging for help and was ignored. The pain was breathtaking and all-consuming. I begged and begged, and writhed for an unknown amount of time. A sergeant that worked patrol approached me after being secured to the booking bench and began to question me regarding the incident for which I was arrested. I denied answering related questions and the sergeant then asked if I was a sovereign citizen. I stated no. He then asked if I would consider myself a constitutionalist and I affirmed that I would rather be seen as that than sovereign. He continued to instigate questioning and when I refused his questioning he instructed a subordinate officer to write up paperwork for a second resisting arrest charge. I continued on in pain, holding my chest and begging for help, when Cpl. Kyle Collins walked up to the bench I was secured to and instructed me to stay seated and remain quiet. I pleaded with him to help. My heart was racing and I was nauseated and in serious pain. He quietly re-directed me to sit and be quiet. Officers left me for an unknown period of time, seemingly forever and snickered about my "being high," which in fact I was not. Officers finally moved to fingerprint me, photo, and book. On the way to photo nurse administrator approached me with drugs in hand without ever having taken history or allergy information and attempted to provide [over the counter] relief. I denied the drugs and stated I needed to be seen by a doctor, and was told, "That's all you get. Too bad." All agents thus far were deliberately indifferent to my serious need. Upon approaching APHIS I reported to Cpl. Collins and John Doe Officer #1 that I needed help, was in pain and was tired. I asked to lay down and was told I would do nothing until I was printed. I was at this time standing facing the APHIS machine. I looked over my right shoulder at Cpl. Kyle Collins and stated, "Hurry the hell up I can't take this, I need to lay down. The Cpl. then took in a deep breath and took me down (see video footage in evidence) from behind. John Doe Officers #1 and #2 then responded and I heard one say, "I knew we were gonna have a problem out of this son of a bitch." I could not breathe as forced submission techniques were applied against me. Multiple officers bent and twisted my arms and legs until my wrists were bleeding and swollen and the handcuffs had cut me well, and carried me in by all points, to the behavior treatment/protection room, or rubber room. Once face down in the rubber room, John Doe officer unknown number mockingly said, "I think we should cut his clothes off," which they did, exposing me fully nude, and destroying my clothing. (see video footage of rubber room in evidence). At this time, as I lay face down and stripped of dignity, Officer John Doe unknown number yelled, "Do not move or we will tase you!"

The handcuffs were removed and officers backed out of the cell. I was in so much pain at the time I could not move. I cried face down for some time. I remember being offered a "suicide blanket" and "turtle suit" sometime later. I reported repeatedly my pain and belief of wrist fracture, which medical later agreed to have x-rayed. I was swollen for weeks and still have scars from the handcuffs and cannot feel half of my right hand. I was not threatening, aggressive, combating, or in any way displaying suicidal or homicidal ideation or action necessitating . . . discretionary intervention. This act was malicious and executed for the very purpose of causing harm. The totality of conditions beginning with my booking experience and ending in this complaint were unconstitutional and criminal on many levels. The denial/delay of medical care was deliberate and also negligent. I will suffer permanently from this event. All parties sued were offered informal resolution remedies and refused to comply and as such are liable for their knowing and intelligent refusals. I also believe there may be a cover-up conspiracy at work, and the participants are listed.

(Doc. No. 1 at 3-6). Based on the above factual allegations, Plaintiff alleges that Defendants used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights, and he also purports to bring a claim for deliberate indifference to serious medical needs. Plaintiff seeks a declaratory judgment as well as compensatory and punitive damages. (Id. at 6).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

As noted, Plaintiff purports to bring claims against the named Defendants for deliberate indifference to serious medical needs and excessive force. Plaintiff was a pre-trial detainee at all relevant times. Plaintiff's various claims are therefore properly considered under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As to Plaintiff's deliberate indifference claim, "[p]retrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." (Id.) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Next, as to Plaintiff's excessive force claim, the United States Supreme Court recently held that "pretrial detainees (unlike convicted prisoners), cannot be punished at all, much less 'maliciously and sadistically'" and "that the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015). Therefore, "in the absence of an expressed intent to punish, a pretrial

detainee can ... prevail [on an excessive force claim] by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 561 (1979)).

Plaintiff's claims do not survive initial review as to Defendants Henderson County Sheriff's Office, Charles McDonald, Chris Denny, FNU Player, FNU McDonald, or Henderson County Law Enforcement Commissioner. As to these Defendants, Plaintiff does not allege any personal involvement, and they cannot be held liable for the alleged acts of the other officers because liability under § 1983 cannot be based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Furthermore, Henderson County Sheriff's Office is not a legal entity capable of being sued. See Hill v. Robeson Cnty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010).

As to the remaining Defendants—John Does #1, #2, and #3, Defendant Jane Doe, and Defendant Kyle Collins—taking Plaintiff's allegations as true for the purposes of initial review, the Court finds that Plaintiff's allegations survive initial review in that they are not clearly frivolous.

Finally, as to Plaintiff's motions to appoint counsel, Plaintiff states, among other things, that he is incarcerated, has limited knowledge of the law and no access to a law library, that the issues involved in this case are complex, that Plaintiff suffers from numerous mental health issues that limit his ability to prosecute this case, and that he has sought the assistance of counsel to no avail. (Doc. No. 27 at 3). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order

to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motions to appoint counsel will be denied.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, as to Defendants John Does #1, #2, and #3, Defendant Jane Doe, and Defendant Kyle Collins, but all remaining Defendants are dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to as to Defendants John Does #1, #2, and #3, Defendant Jane Doe, and Defendant Kyle Collins, but all remaining Defendants are dismissed.

2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on the remaining Defendants. Once the Court receives the summons, the U.S. Marshal shall effectuate service on Defendants at the addresses provided by Plaintiff.

3. Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 27; 30), are **DENIED**.


Frank D. Whitney
Chief United States District Judge